# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 04-988

MICHELLE DETRAZ

VERSUS

VICTOR LEE D/B/A VIRGIN NAILS

\*\*\*\*\*\*\*\*\*\*

ON REMAND FROM THE LOUISIANA SUPREME COURT
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20026019
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

### ULYSSES GENE THIBODEAUX
### CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, Michael G. Sullivan, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

**Philip Stephen Aucoin, Jr.**
**Stacy S. Lee**
**400 East Kaliste Saloom Road - Suite 1400**
**Lafayette, LA 70508**
**Telephone: (337) 291-1743**
**COUNSEL FOR:**
    **Defendants/Appellees - Bechin Huynh and Bechin Huynh, d/b/a Virgin Nails**

**Chris Paul Villemarette**
**Scott M. Hawkins**
**Hawkins, Garbin & Villemarette, LLC**
**102 Asthma Boulevard - Saloom III**
**Suite 110**
**Lafayette, LA 70508**
**Telephone: (337) 233-8005**
**COUNSEL FOR:**
    **Plaintiff/Appellant - Michelle Detraz**

**THIBODEAUX, Chief Judge.**

After concluding that the jury was correct in failing to find causation in this case, the Louisiana Supreme Court remanded this case so that we may "consider the plaintiff's remaining assignments of error." *Detraz v. Lee, d/b/a Virgin Nails*, 05-1263, p. 12 (La. 1/17/07), ___ So.2d ___.

The plaintiff entreats us to find that the trial court's failure to bring the jury into the courtroom to review the alleged inconsistent testimony of Dr. Ronald Daigle was reversible error. We decline the plaintiff's invitation. While the trial court incorrectly refused to allow the jurors back into the courtroom, La.Code Civ.P. art. 1795 accords discretionary power to the trial court. Even if the jurors were brought into the courtroom, Section B of Article 1795 does not mandate that the trial judge must allow the reading of the requested testimony.

The plaintiff further complains that the alternate juror should have been discharged once the jury retired to begin deliberations. We agree. However, the record fails to disclose that the alternate juror participated in the deliberations. The alternate juror's mere presence during jury deliberations was harmless.

## CONCLUSION

Considering the foregoing, we affirm the judgment of the trial court.

**AFFIRMED.**